110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose AMADOR-GALVAN; Rodolfo Molina, Jr., Defendants-Appellants.
 No. 96-10137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1997.
Decided March 18, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-91-00203-WDB; William D. Browning, District Judge, Presiding.
 D.Ariz. [Appealing after remand from 9 F.3d 1414].
 REVERSED.
 Before: GOODWIN, BRUNETTI, & FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Amador-Galvan and Rodolfo Molina, Jr., Appellants, appeal the district court's denial of their motion for a new trial. We reverse.
 
 
 3
 This case reaches this court on a second appeal after we remanded to the district court in United States v. Amador-Galvan, 9 F.3d 1414 (9th Cir.1993) to determine (1) whether the government should have disclosed the identity of an informant to the defense and (2) whether expert testimony on eyewitness identification should have been admitted under the standards of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).
 
 I. Withheld Evidence
 
 4
 The district court erred in holding that the government's failure to disclose the identity of a witness did not require a new trial. Evidence withheld from the defense requires a new trial when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667 (1985).
 
 
 5
 The government did not disclose the identity of an informant, Mario Ramirez, until after our previous remand. A defense interview with Ramirez, who turned out not to be an eyewitness to the crime, led to one Pedro Ceballos. Ceballos testified that he was at the border on April 27, 1988, that he witnessed the driver of the car running back into Mexico, that he recognized the driver as a person named Cokie whom he had known for years, and that the driver Cokie was not Amador-Galvan. This story may or may not have been true, but the trial court on a motion for a new trial is not the appropriate instrumentality for determining the truth of such a story. If a jury believed the story, it could not have convicted Amador-Galvan.
 
 
 6
 The government emphasized in argument that Inspector Campos, an eyewitness, picked Amador-Galvan as the driver. Ceballos is not an unimpeachable witness, but Ceballos appears to be the only eyewitness other than Inspector Campos who remembers what the driver of the vehicle looks like. Because the jury ordinarily should determine the credibility of witnesses, see United States v. Brumel-Alvarez, 991 F.2d 1452, 1463 (9th Cir.1992), and given that Inspector Campos' testimony is not without its weaknesses, the district court should have granted Appellants a new trial at which Ceballos could testify. See Kyles v. Whitley, 115 S.Ct. 1555, 1569, 1574 (1995) (holding that impeachment of the government's best witness by Brady evidence can be grounds for a new trial where the "heart of the State's case was eye-witness identification").
 
 
 7
 The other evidence linking Amador-Galvan to the crime does not obviate a new trial. This evidence loses much of its force if a jury were to discredit Campos' identification. "The effective impeachment of one eyewitness can call for new trial even though the attack does not extend directly" to other evidence. Kyles, 115 S.Ct. at 1571.
 
 II. Expert Testimony
 
 8
 Upon remand, the district court applied Daubert and excluded the expert testimony on eyewitness identification. The district court did not abuse its discretion in this determination. See United States v. Hicks, 103 F.3d 837, 847 (9th Cir.1996).
 
 
 9
 The district court found that the testimony "[would] not be helpful to the jury, [would] confuse the jury, [would] unduly consume time, and is based upon suspect, scientific analysis in that the alleged scientific analysis is abstract, incomplete, and disregards many known variables impacting upon the receipt of evidence and the decision making process of juries." The district court also explained that the "[s]afeguards," including effective voir dire, cross-examination, argument, and jury instructions, that "exist within the judicial process" make it unnecessary to admit expert testimony regarding eyewitness identification. Thus the district court properly exercised its discretion in excluding the expert testimony on eyewitness identification. See Hicks, 103 F.3d at 847; United States v. Rincon, 28 F.3d 921, 926 (9th Cir.1994).
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3